# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**JONATHAN WILKE**
              **Petitioner-Defendant,**

              **v.**                                                    **Case No. 11-C-0247**
                                                                        **(Criminal Case No. 09-CR-153)**

**UNITED STATES OF AMERICA**
              **Respondent-Plaintiff.**

---

## RULE 4 ORDER

Petitioner Jonathan Wilke pleaded guilty to possessing a firearm as a felon, contrary to 18 U.S.C. § 922(g)(1), and on September 30, 2010, I sentenced him to 78 months in prison, a term below his guideline range of 100-125 months, running concurrently with his 6-year state sentence after revocation, followed by 3 years of supervised release. He took no appeal but on October 14, 2010, filed a motion to correct his sentence pursuant to Fed. R. Crim. P. 35(a), arguing that his guideline range had been miscalculated and that his lawyer provided ineffective assistance at sentencing.[1] On March 8, 2011, he filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, arguing that his sentence to both imprisonment and supervised release was illegal and a violation of his double jeopardy rights.

Because the § 2241 petition appeared to present issues substantively within 28 U.S.C. § 2255(a), see United States v. Evans, 224 F.3d 670, 675 (7th Cir. 2000); see also Garza v.

---

[1]Rule 35(a) provides: "Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." The court must act within the 14-day period, and this time limit is jurisdictional. See United States v. Vega, 241 F.3d 910, 911 (7th Cir. 2001).

Lappin, 253 F.3d 918, 921 (7th Cir. 2001) (explaining that federal prisoners are generally required to use § 2255, rather than § 2241, to attack their sentences), I advised petitioner pursuant to Castro v. United States, 540 U.S. 375 (2003) and Henderson v. United States, 264 F.3d 709 (7th Cir. 2001), that in order to consider the petition I would "convert" it to a motion under § 2255. I further advised petitioner that this re-characterization meant that any subsequent § 2255 motion would be subject to the restrictions on "second or successive" motions set forth in § 2255(h). I also provided petitioner the opportunity to withdraw the petition or amend it so that it contained all of the § 2255 claims he believed he had. Finally, I noted that the court lacked jurisdiction to act on the Rule 35(a) motion. See Vega, 241 F.3d at 911. On May 23, 2011, petitioner filed an amended § 2255 motion pursuant to my order, consolidating his claims therein.

## I. SECTION 2255

Section 2255 provides a basis for attacking a federal sentence on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Section 2255 does not serve as a substitute for direct appeal, Varela v. United States, 481 F.3d 932, 935 (7th Cir. 2007), and provides relief based only on legal errors that are jurisdictional, constitutional, or constitute a fundamental defect which inherently results in a complete miscarriage of justice. E.g., United States v. Springs, 988 F.2d 746, 748 (7th Cir. 1993); Oliver v. United States, 961 F.2d 1339, 1341 (7th Cir. 1992); see also Young v. United States, 124 F.3d 794, 796 (7th Cir. 1997) (explaining that non-constitutional errors not amounting to a complete miscarriage of justice, which could have been raised on appeal but

were not, are barred on collateral review regardless of cause and prejudice).

Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, the district court must conduct a preliminary review of a § 2255 motion:

> If it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States Attorney to file an answer, motion or other response . . . .

Under this screening Rule, the district court may dismiss a § 2255 action without holding a hearing or requiring the government to respond if the motion and the files and records of the case conclusively show that the petitioner is entitled to no relief. Gallo-Vasquez v. United States, 402 F.3d 793, 797 (7th Cir. 2005).

## II. DISCUSSION

In his amended § 2255 motion petitioner raises two claims: (A) that being sentenced to both imprisonment and supervised release amounts to double jeopardy, and (B) that his base offense level and criminal history points were miscalculated. I first note that, because petitioner failed to litigate a direct appeal, he has procedurally defaulted both of these claims. See Ballinger v. United States, 379 F.3d 427, 429 (7th Cir. 2004). Defaulted claims may be heard on collateral review only if the petitioner can show "cause" for the default and actual "prejudice" based on the alleged error. See United States v. Frady, 456 U.S. 152, 167-168 (1982). Petitioner makes no attempt show cause and because (for the reasons set forth fully below) his claims lack merit he cannot show prejudice. Claims of ineffective assistance of counsel may be raised for the first time under § 2255, Massaro v. United States, 538 U.S. 500, 509 (2003), but petitioner makes no such claim in his amended § 2255 motion. Therefore, petitioner's § 2255 motion must be denied as defaulted. Nevertheless, for the sake of

completeness and because I am denying the motion on Rule 4 screening, I will also address petitioner's claims on the merits.

## A.    Supervised Release Claim

Petitioner's first claim is somewhat hard to follow.  He seems to argue that imposing both prison and supervised release violates the Double Jeopardy Clause, but he cites no authority in support of this claim, and courts have rejected similar arguments.  See, e.g., United States v. Pettus, 303 F.3d 480, 488 (2d Cir. 2002) (finding no double jeopardy problem with two-pronged punishment, such as prison followed by supervised release); United States v. Wyatt, 102 F.3d 241, 245 (7th Cir. 1996) ("Because revocation of supervised release amounts only to a modification of the terms of the defendant's original sentence, and does not constitute punishment for the revocation-triggering offense, the Double Jeopardy Clause is not violated by a subsequent prosecution for that offense.").  Courts have also rejected the argument that the combined period of imprisonment and supervised release must fall below the statutory maximum set by the statute of conviction.  E.g., United States v. McIntosh, 630 F.3d 699, 702-03 (7th Cir.), cert. denied, 131 S. Ct. 2128 (2011); United States v. Colt, 126 F.3d 981, 986 (7th Cir. 1997); United States v. Montenegro-Rojo, 908 F.2d 425, 431-32 (9th Cir. 1990).

Petitioner also appears to argue that Congress lacked authority to provide for supervised release.  Again, though, he cites no authority, and the basic structure created by the Sentencing Reform Act ("SRA") – determinate prison sentences (potentially) followed by a period of supervised release within the limits set forth in 18 U.S.C. § 3583 – has been upheld against a variety of challenges, including separation of powers.  See, e.g., Mistretta v. United States, 488 U.S. 361 (1989).  Nor is it the case that United States v. Booker, 543 U.S. 220 (2005) upset this structure, requiring the replacement of supervised release with parole, as

4

petitioner may also be suggesting.  See United States v. Vallellanes, 339 Fed. Appx. 579, 584 (6th Cir. 2009).  Booker invalidated just two provisions of the SRA: the provision that required district courts to impose sentence within the applicable guideline range, and the provision that required the courts of appeals to police compliance with the guidelines.  See Booker, 543 U.S. at 259.  The Booker Court found that the "remainder of the [SRA] function[s] independently." Id. (internal quote marks omitted).  Finally, to the extent that petitioner suggests that he did not know he could receive supervision on top of imprisonment, the record conclusively shows otherwise (Case No. 09-CR-153, Plea Agreement [R. 21] at 3), and in any event the total sentence he received – 78 months prison plus 3 years supervised release – falls below the 10 year statutory maximum for the offense of conviction.  See United States v. Schuh, 289 F.3d 968, 975 (7th Cir. 2002) (finding the district court's failure to explain the effect of supervised release harmless because the total sentence fell below the statutory maximum).

For all of these reasons, petitioner's first claim also fails on the merits.

**B.  Guideline Claims**

Petitioner's other claims relate to the calculation of his sentencing guideline range. These claims encounter an additional procedural hurdle: allegations that the district judge misapplied the sentencing guidelines are not, as a general matter, cognizable under § 2255. United States v. Wisch, 275 F.3d 620, 625 (7th Cir. 2001) (citing  Scott v. United States, 997 F.2d 340 (7th Cir. 1993)).  Because petitioner was sentenced under Booker's advisory guideline regime (and, in fact, received a below-guideline sentence), application of Scott's general rule – that the guidelines are not "laws" for purposes of § 2255 – seems all the more appropriate.  See also United States v. Demaree, 459 F.3d 791, 795 (7th Cir. 2006) (noting that

5

the advisory guidelines are not "laws" that bind the sentencing court).[2]  For this reason and based also on procedural default, the sentencing guideline claims fail.  Nevertheless, because the Seventh Circuit has recognized narrow exceptions to <u>Scott's</u> general rule, <u>see, e.g.</u>, <u>Narvaez v. United States</u>, 641 F.3d 877, 881-82 (7th Cir. 2011), and for the sake of completeness, I will also address them on the merits.

**1.     Base Offense Level**

At petitioner's sentencing, without objection I adopted the offense level calculations set forth in the revised pre-sentence report: base offense level 24 under U.S.S.G. § 2K2.1(a)(2) based on defendant's two prior convictions for felony crimes of violence, plus 4 levels under § 2K2.1(b)(4)(B) because the firearm had an obliterated serial number, and minus 3 levels under § 3E1.1 for acceptance of responsibility, producing a total offense level of 25.  (PSR ¶¶ 17-26.)  Petitioner concedes that his prior convictions for robbery with threat of force and robbery with use of force qualify as crimes of violence under U.S.S.G.§ 4B1.2(a) and thus served as proper predicates under § 2K2.1(a).  Although petitioner committed those offenses prior to age eighteen, as he also concedes these crimes were classified as adult convictions under the law of the jurisdiction in which he was convicted.  <u>See</u> U.S.S.G. § 4B1.2 cmt. n.1.

Petitioner argues that even though he was subject to U.S.S.G. § 2K2.1(a) and U.S.S.G. § 4B1.2 cmt. n.1, it is up to the district court's discretion whether or not to use the commentary

---

[2]The Seventh Circuit distinguished <u>Scott</u> in a case where the district court improperly determined the defendant's criminal history under the Armed Career Criminal Act ("ACCA"), which operated to increase his statutory maximum.  <u>Welch v. United States</u>, 604 F.3d 408, 412 (7th Cir. 2010), <u>cert. denied</u>, 2011 WL 2437053 (U.S. June 20, 2011).  Petitioner alleges no such statutory error here.  The parties in this case originally believed that petitioner qualified as an armed career criminal, but it turned out he had only two of the three predicates necessary for that designation.

notes to apply § 2K2.1(a)(2) or the career offender guideline to a defendant. To the extent that petitioner may be arguing that the district court can ignore the commentary when computing the guidelines, which is the first step in sentencing, he is incorrect. See United States v. Katalinic, 510 F.3d 744, 746 (7th Cir. 2007). However, it is true that the court has discretion, under 18 U.S.C. § 3553(a), to impose sentence regardless of what the guidelines (including §§ 2K2.1 & 4B1.2 ) recommend. See, e.g., United States v. Fogle, 694 F. Supp. 2d 1014, 1017-18 (E.D. Wis. 2010); United States v. Santoya, 493 F. Supp. 2d 1075, 1079-80 (E.D. Wis. 2007); United States v. Fernandez, 436 F. Supp. 2d 983, 989 (E.D. Wis. 2006); United States v. Naylor, 359 F. Supp. 2d 521, 524 (W.D. Va. 2005). I understood my discretion in this case and in fact imposed sentence below the range (based in part on a policy disagreement with U.S.S.G. § 2K2.1 cmt. n.8(b)). See United States v. Jordan, 740 F. Supp. 2d 1013, 106-17 (E.D. Wis. 2010). Petitioner does not argue that I misunderstood my discretion or treated the guidelines as binding. In any event, a district court's misunderstanding about the scope of its authority under the guidelines does not authorize relief under § 2255. Springs, 988 F.2d at 748. Nor does § 2255 provide an opportunity to attempt to convince the court to exercise discretion more favorably or otherwise grant a do-over of the sentencing. See id. at 748.

**2. Criminal History**

Petitioner's PSR assessed the following criminal history points: 2 points for a 4/7/04 felony theft sentence (PSR ¶ 34), 3 points for a 4/7/04 sentence for robbery with threat of force (PSR ¶ 35), 3 points for a 1/12/05 sentence for robbery with use of force (PSR ¶ 37), 2 points because he committed the instant offense while on extended supervision (PSR ¶ 39), and 1 point because he committed this offense less than two years after release from imprisonment (PSR ¶ 40), for a total of 11 points, producing a criminal history category of V (PSR ¶ 41).

Petitioner did not object to the PSR's criminal history scoring, thereby waiving (or at least forfeiting) further judicial consideration of the issue. See United States v. Martinez-Jimenez, 294 F.3d 921, 923 (7th Cir. 2002).

Nevertheless, petitioner now argues that the sentences set forth in ¶¶ 34 and 35 of the PSR should have counted as a single sentence under U.S.S.G. § 4A1.2(a)(2) because they were not separated by an intervening arrest and were sentenced on the same day. But even assuming, aguendo, that petitioner is correct, had these sentences merged he may have received 1 additional point under U.S.S.G. § 4A1.1(e),[3] leaving him with 10, still sufficient to reach category V. Moreover, on consideration of the 18 U.S.C. § 3553(a) factors, I imposed a sentence of 78 months in this case, well below the category IV range petitioner claims should have applied.[4] Therefore, even if I overlook the procedural default, the unavailability of § 2255 relief for guideline errors, and the waiver, and even assuming he is right about the application of § 4A1.2(a)(2) to these sentences, petitioner fails to show prejudice and his claim accordingly fails on the merits.

Finally, petitioner indicates that after I sentenced him the state court reduced his

_____

[3]At the time of petitioner's sentencing, this provision, which directs the court to add 1 point for each prior sentence resulting from a conviction of a crime of violence that did not receive any points because such sentence was counted as a single sentence, was denominated U.S.S.G. § 4A1.1(f) (2009).

[4]Further, despite the guidelines' recommendation for consecutive time, see U.S.S.G. § 5G1.3 cmt. n.3(C), I imposed the instant sentence to run concurrent with petitioner's 6-year state sentence after revocation. I found that running the 78-month federal sentence concurrent would provide a sufficient incremental punishment, one that satisfied the purposes of sentencing in 18 U.S.C. § 3553(a) and the factors in 18 U.S.C. § 3584 and U.S.S.G. § 5G1.3 cmt. n.3(A). However, I declined petitioner's suggestion for a 60 month, concurrent sentence, as that would have failed to provide a reasonable incremental punishment, depreciated the seriousness of the offense, failed to protect the public given petitioner's serious prior record, and failed to deter him from re-offending. (Case No. 09-CR-153, Statement of Reasons at 4.)

sentence after revocation from 6 years to 5. He further indicates that the state case is on appeal, which may result in a further reduction of that sentence. The implication seems to be that I should, based on these post-sentencing events, reconsider the need for incremental punishment in this case. But petitioner makes no allegation of error in his federal sentence based on these events, and § 2255 provides no basis for relief due to post-sentencing changed circumstances. See, e.g., United States v. Bokun, 73 F.3d 8, 12-13 (2d Cir. 1995); see also Springs, 988 F.2d at 748 (holding that § 2255 cannot be used as a "back door" to the discretion that district courts used to possess under Rule 35(b), which had allowed judges to reduce sentences long after imposition).[5]

## III.

**THEREFORE, IT IS ORDERED** that petitioner's § 2255 motion (R. 9) is **DENIED**, and this case is **DISMISSED**. The Clerk is directed to enter judgment accordingly. Petitioner's motions for issuance of subpoena duces tecum (R. 3) and emergency hearing (R. 4) are denied as moot.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a § 2255 petitioner. In order to obtain a COA, the petitioner must make a

---

[5]Petitioner notes that he previously filed a motion for transcripts in the criminal case. Under 28 U.S.C. § 753(f), an indigent prisoner may obtain the preparation of free transcripts to prosecute a § 2255 action "if the trial judge . . . certifies that the suit . . . is not frivolous and that the transcript is needed to decide the issue presented by the suit." Petitioner makes no attempt to show that transcripts are needed to resolve his § 2255 action, and I see no such need. Therefore, that motion will be denied. The previously filed Rule 35(a) motion in the criminal case will be dismissed for lack of jurisdiction. Finally, petitioner's motions for issuance of a subpoena duces tecum and an emergency hearing, previously filed in the habeas case, will be denied as moot.

"substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether reasonable jurists could debate whether the motion should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000). When a district court denies a motion on procedural grounds, a COA may issue only if the petitioner shows both that jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. <u>Id.</u> at 484-85. For the reasons stated above, petitioner cannot make such a showing, either as to the procedural barriers to relief or on the merits, so I decline to issue a COA.

Dated at Milwaukee, Wisconsin, this 11th day of August, 2011.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge