# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JONATHAN WILKE**
      **Petitioner-Defendant,**

  **v.**                              **Case No. 11-C-0247**
                                        **(Criminal Case No. 09-CR-153)**

**UNITED STATES OF AMERICA**
      **Respondent-Plaintiff.**

## ORDER

I sentenced petitioner Jonathan Wilke to 78 months in prison followed by 3 years of supervised release on his guilty plea to felon in possession of a firearm. He took no appeal but later filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, arguing that his sentence to both imprisonment and supervised release violated his double jeopardy rights and the separation of powers. After providing appropriate warnings under Castro v. United States, 540 U.S. 375 (2003), I converted the petition to a motion under 28 U.S.C. § 2255. Petitioner filed an amended § 2255 motion, adding an additional claim regarding the calculation of his base offense level and criminal history score. I screened the amended motion pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, denied both claims, and dismissed the action. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, I also denied a certificate of appealability ("COA").

Petitioner has now filed a motion for issuance of a COA, which the Clerk has construed as a Notice of Appeal. In the motion, petitioner concedes regarding his base offense level and criminal history claim. However, he indicates that he would like to proceed on appeal with his double jeopardy/separation of powers claim regarding his sentence to supervised release.

**I.**

In order to obtain a COA, a habeas petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quote marks omitted). Where the district court has rejected the petitioner's constitutional claims on the merits, "the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. When the district court denies a motion on procedural grounds, a COA may issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Id.

**II.**

I denied the supervised release claim on procedural and substantive grounds. First, I found that petitioner procedurally defaulted the claim by failing to raise it before me or on direct appeal, and he made no effort to show "cause" for the default or actual "prejudice" based on the alleged error. See United States v. Frady, 456 U.S. 152, 167-168 (1982). Petitioner again fails to address cause and prejudice in his motion for a COA.

Second, in assessing the merits, I found petitioner's claim somewhat hard to follow. He appeared to argue that imposing both prison and supervised release violated the Double

Jeopardy Clause, but he cited no authority in support of this claim, and my own research revealed that courts had consistently rejected similar arguments. See, e.g., United States v. Pettus, 303 F.3d 480, 488 (2d Cir. 2002) (finding no double jeopardy problem with two-pronged punishment, such as prison followed by supervised release); United States v. Wyatt, 102 F.3d 241, 245 (7th Cir. 1996) ("Because revocation of supervised release amounts only to a modification of the terms of the defendant's original sentence, and does not constitute punishment for the revocation-triggering offense, the Double Jeopardy Clause is not violated by a subsequent prosecution for that offense."). I further noted that courts had rejected the argument that the combined period of imprisonment and supervised release had to fall below the statutory maximum set by the statute of conviction. E.g., United States v. McIntosh, 630 F.3d 699, 702-03 (7th Cir.), cert. denied, 131 S. Ct. 2128 (2011); United States v. Colt, 126 F.3d 981, 986 (7th Cir. 1997); United States v. Montenegro-Rojo, 908 F.2d 425, 431-32 (9th Cir. 1990).

In his motion for a COA, petitioner states that the cases I cited pertain to revocation of supervised release, and he is not challenging revocation but rather "the execution of supervised release in the whole." (R. 14 at 2.) He therefore contends that his double jeopardy claim may still be arguable in appeal. However, petitioner again fails to cite any authority for his claim or to explain how imposing both prison and supervised release violates the Double Jeopardy Clause. Absent some authority, the claim does not deserve encouragement to proceed further.

Petitioner also appeared to argue that Congress lacked authority to provide for supervised release. Again, however, he cited no authority, and courts have upheld the basic structure created by the Sentencing Reform Act ("SRA") – determinate prison sentences followed by a period of supervised release within the limits set forth in 18 U.S.C. § 3583 –

against a variety of challenges, including separation of powers. See, e.g., Mistretta v. United States, 488 U.S. 361 (1989). I further noted that United States v. Booker, 543 U.S. 220 (2005) did not upset this structure, requiring the replacement of supervised release with parole, as petitioner may have also been suggesting. See United States v. Vallellanes, 339 Fed. Appx. 579, 584 (6th Cir. 2009). Finally, I noted petitioner was advised as part of his plea that he could receive supervision on top of imprisonment; in any event, the total sentence he received – 78 months prison plus 3 years supervised release – fell below the 10 year statutory maximum for the offense of conviction. See United States v. Schuh, 289 F.3d 968, 975 (7th Cir. 2002) (finding the district court's failure to explain the effect of supervised release harmless because the total sentence fell below the statutory maximum).

In his motion for a COA, petitioner states "that in all of the cases cited above, the balance of the Federal Constitution may have not been properly pled. So the petitioner would like to proceed on appeal with this claim." (R. 14 at 2.) Petitioner fails to cite any specific constitutional provision that supports his claim or any caselaw. In the absence of some support, jurists of reason would not question my denial of this claim.

**III.**

**THEREFORE, IT IS ORDERED** that petitioner's motion for issuance of a certificate of appealability (R. 14) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 14th day of September, 2011.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge

4